INHABITANTS OF NORTH ANDOVER *vs.* INHABITANTS OF GROVELAND.

Under *St.* 1850, *c.* 62, which divides the town of Bradford, and incorporates a portion thereof into the new town of Groveland, and which provides that " the paupers now supported by the town of Bradford, and all such as may hereafter require support, in virtue of having acquired a settlement in said town, shall be supported by the town within the territorial limits of which they may have acquired a settlement," the inhabitants of Groveland are bound to support all paupers who have a settlement within the territorial limits of that town, whether such settlement is derivative, or has been acquired by their own act.

METCALF, J.  This is an action to recover the amount expended by the plaintiffs for the support, as paupers, of three of the great-grandchildren of Thomas Pace, who are the grandchildren of David Pace, and children of Joseph Pace. At the trial in the superior court it was in evidence that neither the said Thomas, David, or Joseph " ever acquired a settlement in this state " — which means, as the other evidence shows, that neither of them ever gained a settlement for himself, and not that neither of them ever had a settlement, in this state, derived from an ancestor. It was also in evidence that the wife of Thomas Pace — the great-grandmother of the paupers — had the settle-

ment of her father, Joseph Jennings, which he gained in the town of Bradford, while living in that part of the town which is now Groveland, and that her husband had no settlement in the state; so that her settlement was not changed nor lost by her marriage, and her children followed and had it, according to the common or statute law which has always been in force in Massachusetts. Her son David, therefore, followed and had her settlement; and Joseph followed and had his father David's settlement; and the paupers have the settlement of their father Joseph; all in the town of Bradford. 2 Dane Ab. 405. Leavitt's Summary, 5, 9, 17. *St.* 1793, *c.* 34, § 2. Rev. Sts. *c.* 45, § 1.

By the *St.* of 1850, *c.* 62, dividing the town of Bradford, and incorporating the eastern part thereof as a town, named Groveland, it is provided, in § 3, that " the paupers now supported by the town of Bradford, and all such as may hereafter require support, in virtue of having acquired a settlement in said town, shall be supported by the town within the territorial limits of which they may have acquired a settlement." If the statute had made no provision on this subject, these paupers must have been supported by the town of Bradford; *Windham* v. *Portland,* 4 Mass. 384; unless, if they were absent from Bradford when the town was divided, their last dwelling-place or home was within the bounds of the new town, or unless, at the time of the division, they actually dwelt and had their home within those bounds. Rev. Sts. *c.* 45, § 1, *cl.* 10.

The sole ground of defence which has been taken in this case is, that the statute incorporating the defendants limits their liability to support paupers, to those individuals only who, at the time when the statute was passed, had acquired a settlement by their own act, or, under some provision of law, had themselves obtained a settlement, while living in the territory which is now Groveland ; that a settlement derived from a parent is not " acquired " by the child. It is suggested that neither by this statute, nor by the revised statutes, is any provision made for derivative settlements. And it is true that the term " derivative settlement " is not found in either of those statutes; but

the revised statutes declare that children shall follow and have the settlement of their parents until they gain one of their own; and the settlement which they follow and have is usually denominated a derivative settlement, or a settlement derived from their ancestor.   And we are of opinion that the statute incorporating the defendants renders them liable to support the class of paupers therein mentioned, whatever may have been the method in which their settlement was obtained; and that the words " acquired a settlement" are not to be restricted to a settlement gained by a person as his own, in contradistinction to his parent's settlement, which the law declares he shall follow and have.   We think, as suggested by the plaintiffs' counsel, that the intention of this statute was to make each of the towns liable in the same manner they would respectively have been liable had they existed before as separate towns; as was said by the court, concerning another statute, in 15 Mass. 259.

A verdict having been found for the defendants, under a ruling of the court that they were not liable for the support of paupers having only a derivative settlement, that verdict is to be set aside, and a                                   *New trial granted.*

*A. A. Abbott,* for the plaintiffs.

*W. C. Endicott,* for the defendants.